IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 99-CR-24 |
| | : | |
| GEORGE MCLAUGHLIN | : | |
| | : | |

**ORDER**

**Diamond, J.**

AND NOW, this 17th day of October, 2005, upon consideration of the Report and Recommendation and Supplemental Report and Recommendation of the Hon. Thomas J. Rueter (Docs. No. 125, 148), the Pro-Se Objection, Pro Se Affidavit/Reply to Government's Response, and Pro-Se Motion to Quash Indictment (which I have styled as a further Objection to the Report and Recommendation) (Docs. No. 149, 151, 152), and the Government's Response (Doc. No. 150), and all related submissions, it is hereby

**ORDERED**

1. The Report and Recommendation of August 23, 2004, and the Supplemental Report and Recommendation of July 28, 2005 are **APPROVED** and **ADOPTED**.

2. Insofar as Defendant's Objections and Motions are comprehensible, they are **DENIED.** Defendant may not "withhold[] consent to the appointment" of the magistrate judge under Fed. R. Civ. P. 53 because the Hon. Thomas J. Rueter was appointed pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 72.1. See Doc. No. 119, 146; Fed. R. Civ. P. 53(I) ("A magistrate judge is subject to this

1

rule only when the order referring a matter to the magistrate judge expressly provides that the reference is made under this rule."). Likewise, Defendant's frivolous attempt to withhold jurisdiction pursuant to his "sovereign immunity" cannot succeed, as "sovereign powers are delegated to the agencies of government" and thus sovereign immunity is available only to the state and federal governments. Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886); see Alden v. Maine, 527 U.S. 706 (1999); Cunningham v. Macon & B. R. Co., 109 U.S. 446, 451 (1883) (federal government);  Federalist No. 81 (Hamilton). Nor is the issue of exclusive federal control relevant to my jurisdiction in this case, as the Defendant's convictions are for crimes promulgated under Congress's commerce clause power. See United States v. Allen, 458 F.2d 988, 989 (3d Cir. 1972); United States v. McMillian, 535 F.2d 1035, 1037 (8th Cir. 1976); United States v. Ricketts, 317 F.3d 540 (6th Cir. 2003). Finally, Defendant cannot create an alienable commercial interest in his due process rights, and his contention that those rights exist only in the "person" and not the "citizen" bearing his name is without merit. See U.S. Const. Amend. XIII; Clyatt v. United States, 197 U.S. 207, 218 (emphasizing that the Thirteenth Amendment guarantees to every person the "legal right to the disposal of his own person, property and services"). See also Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 322 (1976) ("the liberty guaranteed by the Fourteenth Amendment" is inalienable); New York C. R. Co. v. White, 243 U.S. 188, 207 (1917) (a man may not "barter[] away his life or his personal security"). See also Yick Wo at 369 ("The Fourteenth Amendment

to the Constitution is not confined to the protection of citizens . . . . [and is] universal in [its] application, to all persons"); <u>Demore v. Hyung Joon Kim</u>, 538 U.S. 510, 546 (2003) ("citizen" in the Fourteenth Amendment distinguishes between United States persons and aliens); <u>Sugarman v. Dougall</u>, 413 U.S. 644 (1973) (same).

3.     A certificate of appealability is <u>not</u> granted.

_____

**Paul S. Diamond, J.**